**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH ARUANNO, | : | Civil No. 09-1542 (JLL) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| OFFICER GREEN, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    JOSEPH ARUANNO, #363
    Special Treatment Unit- Annex
    P.O. Box #CN905
    Avenel, NJ 07001

**LINARES**, District Judge:

Joseph Aruanno, who is civilly committed under the New Jersey Sexually Violent Predator Act, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, as amended, this Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee.[1] See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted, without prejudice to the filing of an amended complaint stating a cognizable claim under 42 U.S.C. § 1983.

---

[1] This Court denied Plaintiff's first application and administratively terminated this case because Plaintiff's affidavit of poverty was deficient. Because Plaintiff reapplied for in forma pauperis status, this Court is reopening the file.

## I. BACKGROUND

Plaintiff brings this action against Officer Green, Steve Johnson and Cindy Sweeney. Plaintiff asserts the following in the section of the form complaint instructing him to state the facts:

> All defendants are denying proper access to the yard to minimize my exposure to the indoor smoking. And for speaking up against staff who smoke indoors I have been retaliated against which includes being assaulted and locked in a room full of smoke. Please see attached complaint and statement in support of complaint.

(CM/ECF No. 1, at 6.)

In the body of the Complaint, Plaintiff asserts that Administrator Steve Johnson violated his constitutional rights as follows: "Mr. Johnson is allowing smoking indoors exposing me to environmental smoke (ETS) which poses an unreasonable risk of harm contrary to the 14th amend. and the 8th amendments cruel and unusual punishment." (Id., at 5.) Plaintiff states that he sought administrative relief by "rais[ing] the issue at community meetings and submitt[ing] institutional remedy forms, etc." (Id.)

Attached to the form complaint is a two-page signed document which states:

> This civil complaint, or lawsuit, is about being subjected to second-hand cigarette smoke from March-1999 until present.
>
> During that time I have been forced to share rooms with other persons who smoke, most of them chain-smoke, as well as being subjected to second-hand smoke of staff members who also smoke indoors in total defiance of the law and my rights, health and safety, etc...
>
> During this time I have brought it to the attention of all of the defendants I have named as well as many other staff members and the only result was being threatened and assaulted. I had brought to their attention the fact that I have never smoked and that being subjected

> to cigarette smoke makes it hard for me to breath[e], and that the policy of the institutions is that they are non-smoking.
>
> What has le[d] to the submission of this lawsuit is that I had submitted another institutional grievance about the smoking for which shortly after on April-9-07 I was moved from a room that I had been in and did not smell like smoke to the room right next door that smelled like cigar smoke. I had brought this to the attention of the officer who told me to move, Officer Green, and he said he did not care. I then asked to see the nurse and the Lt. for which he said Lt. Kent told him to move me and I was not going to see either. I then requested to see the Administrator and he said Mr. Lagana had instructed them to do so. This event also ended in being threatened and excessive force . . . .
>
> I submit this complaint as a retaliation complaint because the NJ Department of Corrections constantly threatens my life and retaliates with violence for my filing complaints in reply to the criminal conduct they engage in for which this occurred shortly after I complained about an incident to the NJ DOC that has since become Federal case #08-305 in the District Court of NJ.

(Id., at 8-9.)

## II. STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA") requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Recently in Ashcroft

3

v. Iqbal the Supreme Court clarified the pleading standards. See 129 S. Ct. 1937 (U.S. 2009). The Court held that for a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id., at 1949 (U.S. 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). But, the Court also made clear that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 1949.

### III. DISCUSSION

Plaintiff, a civilly committed sexually violent predator, brings this Complaint under § 1983 against Officer Green, Administrator Steve Johnson and Cindy Sweeney. Although they are not listed in the caption or body of the Complaint, Plaintiff also lists the following persons in the attachment to the Complaint: Lt. Robert Kent, Officer Clements, Administrator Paul Lagana, then Commissioner George W. Hayman, then Public Advocate Ron Chen, then DHS Commissioner Kevin Ryan, Director Merrill Main, Christine Todd Wittman, James McGreevey, Richard Codey and Jon Corzine. Even construing the pro se Complaint liberally, see Erickson v. Pardus, 551 U.S. 89 (2007), the Court finds that Plaintiff has failed to adequately state an § 1983 claim against the defendants and other named parties. To state a claim under 42 U.S.C. § 1983, a "plaintiff must show that defendants, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir. 1997). Plaintiff's § 1983 claim is based on a claim of deliberate indifference.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). Additionally, "an inmate [may] assert an Eighth Amendment claim based on the health risk posed by exposure to second-hand smoke." Jackson v. Danberg, 594 F.3d 210, 223 n.16 (3d Cir. 2010) (citing Helling c. McKinney, 509 U.S. 25 (1993)). But, a plaintiff must show that he was "exposed to unreasonably high levels of [environmental tobacco smoke]." Helling, 509 U.S. at 35. Additionally, to establish a claim for deliberate indifference, a plaintiff must "show[] that the official was subjectively aware of the risk" and failed to reasonably respond. Farmer, 511 U.S. at 829. But, as the Supreme Court emphasized in Iqbal, "vicarious liability is inapplicable to . . . § 1983 suits [and, to survive dismissal,] a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Here, Plaintiff generally asserts that defendants denied access to the yard, that he has "been forced" to share rooms with patients and unspecified staff members who smoked cigarettes, that he "brought it to the attention of all of the defendants I have named," and that he was "assaulted" and otherwise retaliated against for complaining and filing a lawsuit. (CM/ECF No. 1, at 6, 8). Because the Complaint makes no specific, non-conclusory, factual allegations regarding Cindy Sweeney, Officer Clements, George W. Hayman, Ron Chen, Kevin Ryan, Merrill Main, Christine Todd Wittman, James McGreevey, Richard Codey and Jon Corzine, the Complaint against these defendants will be dismissed.

With respect to the other defendants and named persons, the Court finds that, although the body of the Complaint mentions Steve Johnson, Officer Green, Lt. Kent and Paul Lagana by

name, the additional factual assertions against these defendants are conclusory or too nebulous to "nudge" them "across the line from conceivable to plausible," as required by the Iqbal standard. Iqbal, 129 S. Ct. at 1951. In his Complaint, Plaintiff alleges that Steve Johnson "is allowing smoking indoors exposing me to environmental smoke (ETS) which poses and unreasonable risk of harm," and that Plaintiff "raised the issue at community meetings and submitted institutional remedy forms." (CM/ECF No. 1, at5.) The allegations regarding Johnson are similar to and precisely the sort of pleading the Supreme Court shunned in Iqbal. Plaintiff generally alleged that he was exposed to an "unreasonable risk of harm," he does not provide specific factual allegations to support this claim. Additionally, while he generally alleges that he complained of the smoking, he does not allege that he made any complaints to Johnson. Therefore, the court finds that the allegations currently pled fail to state a plausible claim against Johnson.

  As to defendants Green, Kent, and Lagana, Plaintiff pleads that in April 2007, Plaintiff had a conversation with Officer Green in which Plaintiff complained about being moved to a room (next to Plaintiff's prior room ) which was unsatisfactory to Plaintiff because the new room smelled of cigar smoke. When Green allegedly responded that "he did not care" (CM/ECf No. 1, at 8), Plaintiff asked to see the nurse, the lieutenant and the administrator. Green allegedly denied Plaintiff's requests and told Plaintiff that Plaintiff had been moved to the room pursuant to instructions from Lagana and Kent. Plaintiff asserts that "[t]his event also ended in being threatened and excessive force." (Id.) Here, the allegation is merely that he was exposed to the old smell of smoke. Additionally, he does not even explain how long the room smelled of the cigar smoke , how long he was housed in this room, and whether he suffered any ill effects from being housed in this room. Such allegations do not support a claim against these individuals that

6

he was "exposed to *unreasonably* high levels of ETS." See Helling, 509 U.S. at 35 (emphasis added).

With respect to the allegations that Plaintiff was threatened and subjected to excessive force, Plaintiff does not plead who made the threats and what the threats were or who assaulted him and how. Therefore, the claims against these individuals are also dismissed for failure to state a claim. Thus, the Court is dismissing the claims against all named defendants for failure to state a claim upon which relief may be granted. However, because a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility, and Plaintiff may be able to assert facts stating a cognizable claim under 42 U.S.C. § 1983 against at least one named defendant, the dismissal of the Complaint will be without prejudice to the filing of an amended complaint. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 111 (3d Cir. 2002).

### IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis, ut dismisses the Complaint without prejudice to the filing of an amended complaint. An appropriate Order accompanies this Opinion.

_____
JOSE L. LINARES, U.S.D.J.

Dated: July 8, 2010

7